1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| ARIS CIENEGA and ZAKEIA HAMPTON, Individually and On Behalf of All Others Similarly Situated, | Case No. 21-cv-00533-KJM-JDP |
| Plaintiffs, | STIPULATION AND ORDER CONCERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION |
| v. | ECF No. 36 |
| ECHO GLOBAL LOGISTICS, INC., | |
| Defendant. | |

1        WHEREAS, counsel for Plaintiffs Aris Cienega and Zakeia Hampton and counsel

2  for Defendant Echo Global Logistics, Inc. ("Defendant") (collectively, the "Parties," and each, a

3  "Party") have met and conferred regarding discovery of electronically stored information ("ESI")

4  of the Parties;

5        WHEREAS, the Parties have reached agreement on certain of the issues discussed

6  regarding such discovery;

7        WHEREAS, the Parties have entered into this Stipulation and [Proposed] Order

8  Concerning Production of Electronically Stored Information ("Order") to facilitate the just,

9  speedy, and inexpensive conduct of discovery involving ESI and to promote, to the fullest extent

10 possible, the resolution of disputes regarding the discovery of ESI without Court intervention;

11     IT IS HEREBY ORDERED that:

12     1.      All Parties are bound by and subject to the terms of this Order.

13     2.      Definitions.

14       a.      "Discovery Material" is defined as all products of discovery and all

15 information derived there from, including, but not limited to, documents, objects and things,

16 deposition testimony, interrogatory/request for admission responses, and any copies, excerpts or

17 summaries thereof, produced by any Party in the above-captioned matter.

18       b.      "Plaintiffs" as used herein shall mean Aris Cienega, Zakeia Hampton, and

19 all Opt-In Plaintiffs, as well as any other individually named plaintiff in this case or in any case

20 that is consolidated with this matter and any other individual that opts-in to this case or any such

21 consolidated matter.

22     3.      Cooperation.  The Parties shall conduct discovery in a cooperative manner and

23 agree to fulfill any obligations to cooperate as set forth by the Federal Rules of Civil Procedure.

24     4.      Disclosures of Custodial and Non-Custodial Sources to Be Subject to Review and

25 Production.  The parties agree to exchange in writing the information listed below. The parties

26 agree and understand that their respective responses are based on their knowledge and

27 understanding as of the date of the response, and each party agrees to amend or supplement its

28 responses in a timely manner if it learns that in some material respect its response is incomplete

Case No. 21-cv-00533-KJM-JDP                           Stipulation and Proposed ESI Order

1    or incorrect.

2              a)  A list of custodians (including current employees, former employees) for

3                  which each Party proposes to search for responsive documents.

4              b)  A general description of systems for non-custodial sources of potentially

5                  relevant ESI that each Party proposes to search for responsive data.  Such

6                  sources may include shared network files, databases, and/or shared

7                  workspaces.[1]

8    Should the other Party believe that there may be additional custodians and/or data sources that

9    may have unique relevant information, the Parties agree to meet and confer regarding these

10   additional custodians and/or sources.

11         5.    Search Methodology.

12              a.    The Parties may employ one or more search methodologies, including

13   possibly but without limitation the use of advanced search and retrieval technologies, to identify

14   potentially relevant ESI.  The Parties will meet and confer regarding:

15                  i.    the method of searching and, if applicable, the words, terms, and

16                       phrases to be searched; and

17                  ii.   the custodians and non-custodial sources from whom ESI will be

18                       collected and searched.

19              b.    The producing party shall retain the sole right and responsibility to

20   manage and control searches of its data files.

21              c.    The producing party may disclose the results of any validation of search

22   methodologies employed.

23              d.    The parties agree a "hit" on a search term is not the sole factor in

24   determining whether ESI is responsive to party's requests for production. The producing party is

25   not required to produce ESI containing a search term if the ESI is not otherwise responsive to a

26   party's requests for production in this action, if it is protected from disclosure by applicable

27   _____

28   [1] The data sources listed here are for illustrative purposes only.

1   privilege, or the Protective Order entered in this action allows the ESI to otherwise be withheld.

2   The parties further agree that ESI that does not contain a "hit" on a search term may be excluded

3   from production.

4           e.      Non-searchable files, such as non-searchable PDFs, corrupt, or encrypted

5   files are necessarily not identified by any text-based search processes.

6           6.      De-duplication of Data.  The Parties may dedupe globally (i.e., across all

7   custodians), and the Producing Party need produce only a single copy of responsive, Duplicate

8   ESI, provided all other custodians of the Duplicate ESI are shown in an applicable metadata

9   field. The parties shall de-duplicate stand-alone documents against stand-alone documents and

10  shall de-duplicate top-level email documents against top-level email documents.  De-duplication

11  shall not break apart families.  Duplication will be based upon MD5 or SHA-1 hash values.

12          7.      Email Threading.  In order to reduce the volume of entirely duplicative content

13  within email threads, the Parties may utilize email threading.  As used in this agreement, "email

14  threads" are email communications containing the prior or lesser-included email communications

15  which may also exist separately in the producing party's electronic files. A "most-inclusive email

16  thread" is the email containing all of the prior or lesser-included emails, including attachments,

17  for that branch of the email thread.  The Parties agree that removal of wholly included, prior-in-

18  time, or lesser-included, versions from potential production may reduce all Parties' costs of

19  document review, production, and litigation-support hosting.  As such, a Party may produce only

20  the latest-in-time, most inclusive message.  For the avoidance of doubt, only email messages for

21  which the parent document and all attachments are contained in the more inclusive email

22  message will be considered lesser included messages that need not be produced.  If the later

23  message contains different text (such as where the later message adds in-line comments to the

24  body of the earlier message), or does not include an attachment that was part of the earlier

25  message, the earlier message must be produced.  To the extent that an e-mail thread contains

26  privileged communications, such communications can be redacted.  If an e-mail thread contains

27  both privileged and non-privileged communications, the entire e-mail thread cannot be withheld

28  as privileged.

8.    <u>Privilege Logs and Redaction</u>.  If utilizing email threading, an email thread for which a party claims a privilege may be logged in a single entry provided such entry identifies all senders and recipients appearing at any point in the thread.  The privilege log(s) shall contain metadata fields sufficient to describe what is being withheld, e.g. document or bates number, the document or email date, sender/recipient information, subject, author, file name, file type, attachment indicators, privilege asserted, and privilege description where needed. The logging party need not provide a privilege description for every document of the email subject or file name provides sufficient information regarding the privilege asserted. The Parties agree the following documents need not be included on a privilege log:

        a.    Communications between the parties and counsel (including internal communications within a law firm or a legal department of a corporation) on and after the filing of this lawsuit and before the lawsuit in anticipation of litigation regarding the litigation or litigation strategy.

        b.    Work product created by or for trial counsel in this matter after commencement of this action.

9.    <u>Production Format For ESI</u>.

        a.    <u>General Provisions</u>.  Documents shall be produced with single page, Group IV TIFF with a resolution of 300 DPI and named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be assigned a unique name matching the Bates number of the corresponding image.  The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document.  Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.  Bates numbers and confidentiality designations should be electronically branded on each produced TIFF image.  These TIFF images should not contain redactions other than those for privileged or personally identifiable information.  These TIFF images should be provided in a separate folder and the number of TIFF files per folder should be

-5-

Stipulation and Proposed ESI Order

1   limited to 1,000 files.

2           b.     Document Text.  All unredacted documents should be provided with

3   complete document-level extracted text files.  In the event a document contains text which is to

4   be redacted, OCR text files should be provided for any un-redacted portions of the documents.

5   Document-level OCR text files should be provided for any unredacted portions of redacted

6   documents and for all hard copy scanned documents.  The extracted full text and/or OCR text for

7   all deliverables should be in separate document-level TXT files.  These TXT files may either be

8   provided in a separate folder or included in the same folder as their corresponding images. The

9   number of TXT files per folder should be limited to 1,000 files. A UNC file path must be

10  included in the ESI load file.

11          c.     Parent-Child Relationships.  For email collections, the parent-child

12  relationships (the association between emails and attachments) should be preserved and

13  produced as full families except when withheld on privilege grounds.  Email attachments should

14  be consecutively produced with the parent email record.

15          d.     Dynamic Fields.  Documents with dynamic fields for file names, dates,

16  and times will be processed to show the field code (*e.g.*, "[FILENAME]" or "[AUTODATE]"),

17  rather than the values for such fields existing at the time the file is processed.

18          e.     Non-redacted Word Processing Files.  All word processing files, including

19  without limitation Microsoft Word files, that do not require redactions, will be produced as *.tiff

20  images showing track changes and comments. Upon a showing of reasonable and particular

21  need, a producing party shall produce a native version of requested files.

22          f.     Non-redacted Spreadsheet Files.  Spreadsheet files, including without

23  limitation Microsoft Excel files, that do not require redactions will be produced as native files

24  showing comments and similar data.  A UNC file path must be included in the ESI load file.

25  Additionally a bates-stamped *.tiff placeholder matching the bates number of the native file,

26  must be included in the production and reflected in the image load file.  To the extent Parties

27  prefer native file redaction of Spreadsheet File, the Parties will meet and confer to discuss the

28  form of production.

-6-

g.      Presentation Files.  Presentation files, including without limitation Microsoft PowerPoint files, will be produced as native files showing comments, hidden slides, speakers' notes, and similar data.  A UNC file path must be included in the ESI load file. Additionally a bates-stamped *.tiff placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file. The Parties will meet and confer regarding production of presentation files with alternate default settings.

h.      Database Records and Structured Data.  To the extent that any Party requests information that is stored in a database or database management system, including but not limited to records of Plaintiffs' contact information, work telephone records, and/or log-in/log-out records, the producing Party will identify the database and platform to the receiving party, and will meet and confer in good faith to discuss the data to be produced and the form of the production.  The Parties agree to meet and confer regarding the output format for such databases and to discuss what fields will be included in such production.

i.      Collaboration Tools. To the extent it is needed, the Parties will meet and confer regarding the production format of unstructured communication and collaboration tool data.

j.      Embedded Files.  Embedded files  are produced as independent document records.  Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

k.      Time Zone.  Unless otherwise agreed, all dynamic date and time fields, where such fields are processed to contain a value, and all metadata pertaining to dates and times will be standardized to Universal Coordinated Time (UTC).  The Parties understand and acknowledge that such standardization affects only dynamic fields and metadata values and does not affect, among other things, dates and times that are hardcoded text within a file.  Dates and times that are hard-coded text within a file (for example, in an email thread, dates and times of earlier messages that were converted to body text when subsequently replied to or forwarded; and in any file type, dates and times that are typed as such by users) will be produced as part of the document text in accordance with Concordance and Summation formats, below.

l.    <u>Bates Numbering</u>.  Files will be named according to the Bates number of the corresponding *.tiff image.  The Bates number will:

     i.    be consistent across the production;

     ii.    contain no special characters; and

     iii.    be numerically sequential within a given document.

Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted.  In addition, wherever possible, each *.tiff image will have its assigned Bates number electronically "burned" onto the image.

m.    <u>Load File Formats</u>.  ESI will be produced in standard Concordance load file format and an image file that is in .OPT format.

n.    <u>Metadata to be Produced</u>.  To the extent practical, the Parties will provide the following metadata fields:[2]

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **BEGDOC** | Starting bates | Hardcopy, edoc, email **and** attachment |
| **ENDDOC** | Ending bates | Hardcopy, edoc, email **and** attachment |
| **CUSTODIAN** | Custodial **or** non-custodial source(s) from which the **document** was collected | Hardcopy (if coded), edoc, email **and** attachment (populated through processing) |

---

[2]  The Field Names included in the following chart are provided for illustrative purposes.  As different processing tools and/or vendors may create fields with different names but similar content, the Parties agree that they will provide the metadata fields used by the vendor/processing tool that they select that corresponds with the information listed in the chart.  The metadata discussed below should be produced for each document to the extent that such information is available at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log.  The Parties are not obligated to create any metadata or manually code fields that are not automatically generated by the processing of the ESI.

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **ALL CUSTODIANS** | Custodial source(s) from which document was collected but subsequently suppressed as a duplicate during processing. | Edoc, email **and** attachment (populated through processing) |
| **FAMILYIDOR ATTACHID** | Family (Range of bates related **documents** (i.e email & attachment) - this field will be populated for **all** records in the family), and will distinguish parent documents from attachments. | Hard copy, edoc, emails **and** attachments (populated through processing) |
| **PRPERTIES OR RCRDTYPE** | Record type – examples include "email," "attachment," "edoc," **or** "hardcopy." | Populated through processing |
| **FROM** | Email Author | Emails (populated through processing) |
| **TO** | Recipient | Emails (populated through processing) |
| **CC** | CC field - In the event of emails | Emails (populated through processing) |
| **BCC** | Bcc field - in the event of emails | Emails (populated through processing) |
| **DOCTITLE** | **Document** Title/name/subject of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc (including email) **or** attachment (populated through processing) |
| **DOCDATE** | **Document** Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email **and** Attachments |
| **DATESENT** | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMESENT** | Time sent, format 00:00:00 AM/PM | Emails (populated through processing) |
| **DATECREATED** | Date first created, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **DATESVD** | Date last saved/modified, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **TIMESVD** | Time saved, format 00:00:00 AM/PM | (populated through processing) |
| **PAGECOUNT** | **Document** page count | Edoc **or** attachment (populated through processing) |
| **APPLICAT** | Application used to open the file (Word, Powerpoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files **and/or** emails, attachments (populated through processing) |
| **FOLDERID OR ORIGFOLDERPATH OR FILEPATH** | File path/folder structure of original native file as it existed at the time of collection.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) | Electronic files **and/or** emails, attachments (populated through processing) |
| **ALL FILEPATHS** | File path/folder structure of original native file as it existed at the time of collection but subsequently removed as a duplicate.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) when duplicate copies were suppressed during processing. | Electronic files **and/or** emails, attachments (populated through processing). |
| **DOCLINK or NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files **and/or** emails, attachments (populated through processing **and only provided if receiving native files**.) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **FILEEXTEN** | In the event of attachments **or** emails, this will enable us to search by **document** type.  Sample contents: *PST*, *MSG*, *PDF*, *DOC*, *PPT*, *HTM*, etc. | Electronic files **and/or** emails, attachments (populated through processing) |
| **FILESIZE** | Numerical file size, in bytes, of any natively-produced documents. | Electronic files and/or edocs (populated through processing) |
| **CONFIDENTIALITY** | Confidentiality Designation | All files and documents, as applicable. |
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the **document** | For Hard Copy **documents** (if coded) **or** electronic files **and/or** attachments (populated through processing) |
| **HASH** | MD5 Hash value for de-dupe | Electronic files **and/or** attachments (populated through processing) |

10.      Production Format for Hard Copy Documents.  Hard copy documents will be scanned and processed as .tiff images with OCR.  To the extent this production format is not feasible or causes the producing Party undue burden, the Parties agree to meet and confer to discuss the different form of production.

11.      Production Media.  The Parties shall produce documents electronically via a secure File Transfer Protocol ("FTP") rather than through physical media (e.g. CD, DVD, or hard drive), unless such electronic transmission is impracticable, or the otherwise Parties agree on a different method of transmission.  To the extent physical media is needed, to maximize the security of information in transit, any media on which documents are produced shall be encrypted by the producing Party.  In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

12.      Costs.  The Parties agree each party shall bear the cost of its own production.  In the event, however, a Party requests the production of cumulative or repetitive information or

1   information that otherwise imposes an undue burden, or is from a source that is not reasonably

2   accessible due to undue burden or cost, the producing Party may object.  Upon objection, the

3   Parties shall work in good faith to try to resolve the issue.  In the event the parties are unable to

4   resolve their differences, the parties may proceed consistent with the Federal Rules of Civil

5   Procedure, including Rule 26(b)(2), and any applicable Local Rules.

6

7   Dated: August 19, 2021                               Respectfully submitted,

8   OUTTEN & GOLDEN LLP                        OGLETREE, DEAKINS, NASH,
                                                                    SMOAK & STEWART, P.C./WINSTON
9                                                                   & STRAWN LLP

10

11   By: */s/ Jahan C. Sagafi*                          By: */s/ Evan R. Moses*
          Jahan C. Sagafi                                         Evan R. Moses
12        Melissa Stewart                                      Laura R. Petroff
          Molly J. Frandsen
13

14   *Attorneys for Plaintiffs and the Proposed Class*          *Attorneys for Defendant*
     *and Collective Members and Aggrieved Employees*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

ORDER

The parties' stipulation concerning production of electronically stored information, ECF No. 36, is approved and so ordered.

IT IS SO ORDERED.

Dated:   August 25, 2021   

_____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

Case No. 21-cv-00533-KJM-JDP                                    Stipulation and Proposed ESI Order